UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 5:25-cr-00043-GFVT-MAS |
| ) | |
| v. ) | |
| ) | **ORDER** |
| JOHN W. JACKSON, ) | |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on a Report & Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 57.]  Defendant John W. Jackson filed a Motion to Suppress evidence obtained during a traffic stop. [R. 44.]  Judge Stinnett held a hearing on the matter on November 19, 2025. [R. 54.]  Judge Stinnett then prepared a Report & Recommendation recommending that Defendant Jackson's Motion be denied. [R. 57.]  Defendant Jackson did not object and the time to do so has since passed.

After considering the record, Judge Stinnett first determined that the traffic stop was legally permissible and supported by probable cause. *Id*. at 4-9.  In reaching this conclusion, Judge Stinnett determined that "Jackson's tint strip was an ongoing violation of KRS § 189.110(9) for which he could be lawfully stopped without infringing on his Fourth Amendment rights[,]" regardless of Officer Gabriel's subjective motives for the stop. *Id*. at 5.  Judge Stinnett then determined that the traffic stop was not impermissibly extended as any delays were directly related to the mission of the stop. *Id*. at 5-6.  The K9 sniff "occurred and concluded while the troopers were still addressing the ongoing proof of insurance violation." *Id*. at 6.  Judge Stinnett

1

also concluded that the United States offered "substantial evidence" that the K9 in question, Glenn, "is a well-trained and reliable narcotics-detection K9." *Id*. at 6-7.  Consequently, Judge Stinnett concludes that the vehicle search was justified once the police K9 alerted to the presence of cocaine in Defendant Jackson's vehicle. *Id*. at 8.

Neither party filed objections to the Report and Recommendation.  Generally, this Court must make a de novo determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c).  When no objections are made, however, this Court is not required to "review … a magistrate's factual or legal conclusions, under a de novo or any other standard …" *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 538 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has considered the record and it agrees with Judge Stinnett's recommendation.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Matthew A. Stinnett's Report and Recommendation **[R. 57]** is **ADOPTED** as and for the Opinion of the Court; and

2. Defendant Jackson's Motion to Suppress **[R. 44]** is **DENIED**.

This the 7th day of January, 2026.



Gregory F. Van Tatenhove
United States District Judge